THE PEOPLE OF THE STATE OF NEW YORK *v.* THE ROCKAWAY BEACH IMPROVEMENT COMPANY, (LIMITED).

*Extra allowance — it cannot be granted unless the value of the subject-matter involved be shown — in an action to dissolve a corporation it must be based on the value of the corporate franchise.*

This action was brought to dissolve a corporation, to restrain it from exercising its franchises and to procure the appointment of a receiver. An answer, put in by the defendant, was subsequently withdrawn, and judgment was taken against it by default.

Upon an appeal from an order granting an extra allowance:

*Held*, that as the subject-matter involved was the existence of the franchise any allowance must be based upon its value, and that as no proof was given to show that the franchise had any value, the court erred in granting an extra allowance.

APPEAL from an order made at a Special Term, granting an extra allowance.

*John L. Cadwalader*, for certain creditors and stockholders, appellants.

*Jno. C. Keeler*, deputy attorney-general, for the respondent.

LEARNED, P. J.:

The order granting an extra allowance recites that it was made on notice served upon, among others, Mr. Cadwalader, attorney for divers creditors and stockholders. So far as he was attorney for creditors and stockholders we think he had a right to appeal from an order made on notice to him; and we cannot dismiss the appeal.

The action was brought to dissolve the defendant, a corporation; to restrain it from exercising its functions and to appoint a receiver. An answer was put in and withdrawn, and judgment was taken for want of an answer.

There was no sum recovered or claimed. What was the value of the subject-matter involved? (Code Civ. Pro., § 3253.) The matter involved was not the property of the corporation. No one disputed their title to that. All that was involved was the existence of the franchise. (*O. and L. C. R. R.* v. *V. and C. R. R.*, 63 N. Y., 177; *People* v. *N. Y. and S. I. Ferry Co.*, 68 id., 72.) There is no proof that the franchise had any value. And therefore there was nothing upon which the extra allowance of $500 could be calculated. The allowance must have assumed that the franchise was worth $100,000. Nothing shows that it was worth one cent.

The order should be reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.

Present — LEARNED, P. J., and BOCKES, J.; WESTBROOK, J., not sitting.

Order reversed, with ten dollars costs and printing disbursements, and motion denied with ten dollars costs.